JASPER M. LINVILLE, Respondent, v. MARCUS M. RHOADES, Appellant.

Kansas City Court of Appeals, January 10, 1898.

1. **Action**: SLANDER OF TITLE: CONTRACT: BAR. An action on a contract settling the title to real estate will not bar an action between the same parties for slander of title of the same real estate, though the alleged slander was connected with the title in the contract.

2. **Slander of Title**: PETITION: PLEADING: MALICE. A petition in an action for slander of title sufficiently charges malice when it declares defendant wrongfully, intentionally and without just cause made the statements which are not true, and it is not necessary to use the word maliciously.

3. ————: CLAIM IN DEFENDANT: INSTRUCTION: GOOD FAITH. An instruction declaring that in stating plaintiff had no title, defendant was asserting title in himself, and merely stating the difference between the parties, is faulty in omitting any hypothesis of good faith on the part of defendant in making such claim.

4. ————: INSTRUCTIONS: MALICE: GOOD FAITH. Instructions in this case properly left the jury to determine whether the publication was malicious and false or a mere error of judgment in the assertion of defendant's rights.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Lafe Dawson* and *E. A. Vinsonhaler* for appellant.

(1) There was error in refusing defendant's request for instruction number 1, directing a verdict for the defendant. There is no break in the current of authority that all rights arising out of one contract furnishes but one cause of action. Bliss on Pleading [2 Ed.], sec. 118; 1 Encyclopedia Pleading, 151; 21 Am. and Eng. Ency. of Law, 204; *Skeen v. Springfield Eng. Co.*,

42 Mo. App. 158; *Kurtz v. Carr*, 105 Ind. 574; 1 Van Fleet, p. 238. *Thompson v. Myrick*, 24 Minn. 4; 1 Van Fleet on Former Adjudication, p. 283. (2) "It is essential that the statement should be both false and malicious. That is, that it be made with the intent to injure the plaintiff. Falsehood, malice and injury to the plaintiff must be alleged and proved." *Meyrose v. Adams*, 12 Mo. App. 329, 332; 13 Am. and Eng. Ency. of Law, p. 366; Webb's Pollock on Torts, 389; 3 Lawson's Rights, Remedies, etc., sec. 1277; citing *Halsey v. Brotherhood*, L. R. 19 Ch. Div. 386; 2 Greenl. Ev. [Redfield's Ed.], sec. 428. (3) It was error to refuse defendant's request for instruction number 5. *Thompson v. White*, 70 Cal. 135; *Bailey v. Dean*, 5 Barb. (N. Y.) 297; *Steward v. Young*, L. R. 5 C. P. 122.

*Gallatin Craig* and *Wm. C. Ellison* for respondent.

(1) Rapalje & Lawrence's Law Dictionary, defining malice, says: "Malice, in its common acceptation, means ill will against a person, but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse." Rapalje & Lawrence, Law Dic., pp. 783, 784. (2) While the petition does not allege malice in that exact word, yet it does allege malice in what is required to constitute malice. This covers appellant's requirements, that is, falsehood, malice and injury to plaintiff. *Meyrose v. Adams*, 12 Mo. App. 329, 332; Townshend on Slander and Libel [4 Ed.], sec. 204, pp. 280, 281; *Flint v. Smoke Burner Co.*, 110 Mo. 492, 497; Odgers on Libel and Slander [2 Ed.], p. 139; Townshend on Libel and Slander, sec. 206, p. 284. The petition tested by all of these requirements is certainly sufficient for an action for slander of title. (3) This instruction number 5 is based on the theory that a man may deny his neighbor's title to land, and because the

neighbor should afterward be compelled to resort to the courts to compel the person to do what the law requires him to do, the party so denying an honest title may set up his own unfounded claim regardless of the fact how dishonest his claim was, or regardless of whether it was a false claim or not. The authorities are directly opposed to such a doctrine. Townshend on Slander and Libel [4 Ed.], sec. 206b, pp. 289, 290, 291; Am. and Eng. Ency. of Law, p. 368a; *Flint v. Smoke Burner Co.*, *supra*.

ELLISON, J.—This action is for the slander of title to land. Plaintiff recovered in the trial court. The petition was in three counts, but at the close of testimony for plaintiff a demurrer to the evidence was sustained as to the first and third counts and overruled as to the second.

It appears that plaintiff was the owner of the land, the title to which he alleges defendant slandered, and that he owed defendant a sum of money; that being in need of more funds he borrowed more STATEMENT. money of defendant, and to secure the aggregate sum of his indebtedness he made an absolute deed to the land to defendant and took back from defendant a lease for five years whereby he was to pay certain sums semiannually as rent. The lease provided that plaintiff had authority to sell the premises during the term, at any sum in excess of the consideration in the deed from plaintiff to defendant; such excess to be plaintiff's.

Afterward, plaintiff and defendant came to a disagreement as to the true relations existing between them by reason of the deed and the lease aforesaid. Plaintiff's claim was and is now, that the whole transaction amounted to a loan from defendant to him of the sum named as the consideration for the deed and

that the deed and lease were the security therefor, the rent reserved being interest on the loan. Plaintiff having an opportunity to sell the land for a sum in excess of what he owed defendant, failed to make the sale for the reason that defendant refused to make the deed to the purchaser. Plaintiff thereupon brought his action in the circuit court of Nodaway county to redeem the land from the lien and debt, claiming to be the equitable owner and that the transaction between him and defendant was a mortgage securing a loan. There was a decree for plaintiff and the debt found to be due being thereupon paid, the court further ordered the lien to be released and annulled.

Afterward plaintiff brought this suit on account of defendant's alleged slander of his title whereby he was damaged. The suit is based on the following state of facts as made out by plaintiff: During the term of the lease plaintiff had agreed to sell the premises to one Groves for $50 per acre, a price amounting, in the aggregate, to a sum largely in excess of the loan, he, Groves, being ready and willing to buy. But that defendant willfully, wrongfully and falsely stated to Groves that plaintiff had no interest or equity whatever in the lands, and thereby prevented said Groves from making the purchase. That plaintiff was compelled to institute the suit aforesaid whereby the defendant's lien was satisfied and released. And that afterward plaintiff sold the land for $42.50 per acre, thus receiving a much less sum than he would have received from Groves if defendant had not committed the wrong as above set out.

Defendant relies upon several points to reverse the judgment. He contends that since plaintiff obtained a decree against this defendant redeeming the land he is barred of the present action of damages for slander

Linville v. Rhoades.

Action: slander of title: contract: bar. of title, since he should have included all matters of damage arising out of the same contract or transaction in the first suit. It is error to suppose the present action arises out of the contract between the parties. The defamation of title is in no sense connected with the contract fixing plaintiff's right or title to the land. Even conceding the matters involved in this and the other action arose out of the same transaction, yet a party may pursue as many remedies as he has, though he may have only one satisfaction. *Bowen v. Mandeville*, 95 N. Y. 237; *Wanzer v. DeBaem*, 1 E. D. Smith, 261; *Whittier v. Collins*, 15 R. I. 90.

This case is, however, not of the class just referred to. Though the injury complained of in this case may have come about in a course of causation, by reason of the contractual relation existing between the parties and which was the subject-matter of the former suit, yet the causes of action are wholly distinct and independent of each other. Thus if one hire a horse and buggy to another, his recovery of the hire will not bar a subsequent action for an injury done to the buggy by the hirer. *Shaw v. Beers*, 25 Ala. 449. By course of remote causation the present action might be said to be dependent upon the former; that it to say, but for the contract between the parties securing plaintiff certain rights or title to the land, the occasion for defendant's defamation would not have arisen. But it is apparent that such course of reasoning is unsound.

2. It is next urged that the petition does not state a cause of action in slander since it fails (as is contended) to allege malice in defendant.

Slander of title: petition: pleading: malice. The petition was not demurred to, and the question is made on a motion in arrest. We think the point was properly overruled by the trial court. It is true the pleader has not used the word

malice in the charge, but he has used those words
which constitute malice, and these we believe to be suf-
ficient.    The charge is that defendant "wrongfully,
intentionally and without just cause" made the state-
ments which "were not true."    This amounts to a
charge of malice.    Thus, "Although the language con-
cerns only a thing, yet if it appears to have been pub-
lished without lawful excuse, i. e., maliciously, it will
be actionable if pecuniary loss is a necessary or natural
and a proximate consequence of the publication, and
hence we may deduce this rule, that language concern-
ing a thing is actionable when published maliciously,
i. e., without lawful excuse if it also occasion damage
to the owner of the thing."    Townshend on Slander and
Libel [4 Ed.], sec. 204.    "When the plaintiff possesses
an estate or interest in any real or personal property,
an action 'lies against anyone who maliciously comes
forward and falsely denies or impugns the plaintiff's
title thereto, if, thereby, damage follows to the plain-
tiff."    *Flint v. Hutchinson S. B. Co.*, 110 Mo. 497; see,
also, *Trauerman v. Lippincott*, 39 Mo. App. 488.

3.    It is next claimed that the court erred in re-
fusing defendant's instruction number 5, wherein, in
effect, it is declared that in claiming that
plaintiff had no right or title to the land,
defendant was asserting title in himself
and the difference between the parties was a matter of
dispute,    that    therefore    plaintiff    could    not    recover.
The instruction was faulty in omitting any hypothesis
of good faith in defendant in making claim in himself.
It is, of course, not actionable for anyone to assert and
maintain his own rights, or to assert what he honestly
believes to be his own right to a piece of property,
whether real or personal, though he be in error as to
the claim.    But at the same time no one will be per-
mitted to willfully and falsely claim title in himself to

*—: claim in de-
fendant: instruc-
tion: good faith.*

another's property, any more than if he asserted title to be in some third person. It is true that mere proof that one has made a mistaken or false claim in himself will not establish a slander of title, but if it be shown, in addition, that he had no reasonable or probable cause for believing he had the title asserted, malice may be inferred, that is, the jury would be at liberty to infer malice, from want of probable cause, but would not be compelled to so find. Odgers on Libel and Slander, 142; *Pitt v. Donovan*, 1 M. & S. 639.

We are not unmindful that great abuse, as well as great wrongs, might be perpetrated against parties making claim to things in which they have an interest, if they are to be mulct in damages which may flow from such claim. To guard against such injustice it is, as before stated, necessary to show that the party charged acted not merely ignorantly or mistakenly, but maliciously and falsely, without so much as a probable cause, *in the light of his surroundings and situation*, to believe in the truth of his statement.

Complaint is made of instructions given for plaintiff and of the refusal of those offered by defendant and placing in their stead those given by the court of its own motion. We have gone over them and find that, taken in their entirety, they fully cover the issues made. From a consideration of them the jury would not be misled; on the contrary, it seems to us, could not fail to understand the case in all material respects. From them, taken together, the jury must have understood that in order to find for plaintiff they must believe that defendant maliciously and falsely spoke the defamatory words of plaintiff's right, title or interest in the lands whereby plaintiff was damaged in losing the sale to Groves, as shown by the testimony. Not only that, but the jury were, by such instructions, told that defendant could

*——: instructions:
malice: good
faith.*

not be held liable for a mere mistaken opinion as to the title being in himself. That any error of judgment or opinion in a *bona fide* assertion of his rights could not render him liable for damages which may have followed such assertion. The judgment is affirmed. All concur.