BORNE v. ROBERT P. HYAMS COAL CO., LTD.

---

(April 15, 1929. Opinion and Decree.)
(May 27, 1929. Rehearing Refused.)

---

Sidney F. Gautier, of New Orleans, attorney for plaintiff, appellant.

Bond, Curtis, Hall and Foster, of New Orleans, attorneys for defendant, appellee.

JCNES, J. This is a suit for $380 damages for slander of title.

Plaintiff avers that he purchased from Fidelity Homestead Association on January 24, 1924, a certain lot of ground in this city, entirely clear of all liens against vendor, as shown by mortgage certificate attached to act of purchase; long after said purchase defendant, without any notice whatever, illegally caused, on July 3, 1925, the filing of an affidavit of a claim for $660.08, for material furnished to a party unknown to plaintiff, in the Mortgage Office of this city, thereby creating a cloud on plaintiff's title; that during May petitioner agreed to sell the lot, but sale was prevented by this alleged lien, and upon defendant's refusal to can-

cel, plaintiff filed mandamus proceedings to cancel on August 2, 1926, which were made peremptory on August 6th; that by reason of defendant's illegal act in recording the claim and his failure to cancel, plaintiff was damaged as follows:

Interest which plaintiff had to pay to Homestead during 3 months, until Aug. 13, 1926, at .078 per cent on the sum of $6,500 ............................$130
Attorney's fee for filing mandamus, and costs of court ............................ 100
Loss of time, mental worry and interference with business ............................ 150

$380

To this petition defendant filed an exception of no cause of action, which was maintained by the trial court, and plaintiff has appealed.

The above analysis shows that plaintiff nowhere alleges that defendant's affidavit was filed without probable cause or with malice. He simply avers that affidavit was illegally filed, which is a mere conclusion of law and not a sufficient averment to set forth a cause of action. State of La. vs. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772.

In the case of New Orleans Land Co. vs. Slattery, 145 La. 256, 82 So. 215, the Supreme Court held:

"An action for damages for slander of title, like a suit for damages for malicious prosecution, cannot be maintained if the act complained of was done without malice and was founded upon probable cause or was prompted by a reasonable belief in a just cause of action."

This holding was a confirmation of the well-reasoned decision in the old case of Walden vs. Peters, 2 Rob. 331, 38 Am. Rep. 213, which was followed in Henry vs. Dufilho, 14 La. 48; Williams vs. Close, 12 La. Ann. 873; Clarkson vs. Vincent & Co.,

32 La. Ann. 614, and Lange vs. Baranco, 32 La. Ann. 700.

The rule is the same in common law States. See 37 C. J., p. 131, Sec. 598 (subhead "Slander of Title"):

"Malice is a necessary ingredient to entitle plaintiff to recover. Indeed it is said that malice is the gist of the action. The action cannot be maintained if the claim was asserted by defendant in good faith, and if the act complained of was founded upon probable cause or was prompted by a reasonable belief, although the statement may have been false."

Furthermore, the damages charged are patently irrecoverable.

The first item of $130 interest is charged for delay in bringing the mandamus suit, but there is no allegation that defendant caused this delay.

As attorney fees must be allowed by statute, and as no reference is made to any statute permitting such recovery in cases of this kind, there is no cause of action for this item.

The third and last item of damage is evidently a general or omnibus charge without legal merit.

In view of the above conclusions, the petition would not be susceptible of amendment, even if permission to file a supplemental petition had been timely sought.

For above reasons the judgment is affirmed.