SMITH COUNTY OIL Co. *et al. v.* JEFCOAT *et ux.*

(In Banc. January 26, 1948. Suggestion of Error Overruled February 23, 1948.)

[33 So. (2d) 629. No. 36616.]

**Buchanan & Harper** and **Jack McDill,** all of Laurel, for appellants.

**Collins & Collins**, of Laurel, for appellees.

Argued orally by **J. R. Buchanan**, for appellants, and by **Jeff Collins**, for appellees.

**McGehee, J.,** delivered the opinion of the court.

The appellees E. P. Jefcoat and wife ask in this suit to be adjudicated the owners in fee simple of the land described as the SE¼ of SW¼, Section 20, Township 9 N, Range 13 W, in Jones County, and that the conveyances which appear of record in favor of the several defendants, Smith County Oil Company and successive vendees of all the oil, gas and other minerals, be cancelled as clouds upon the alleged fee simple title of the complainants. They were granted this relief by the final decree of the Chancery Court, together with the sum of $1,200 as damages prayed for against the appellant Smith County Oil Company because of its action in refusing to either cancel its claim of title of record or quitclaim the minerals to complainants upon being requested so to do.

A different question of law is presented by the facts of the case as to the N½ of the said SE¼ of the SW¼ than that presented by those relating to the S½ thereof, as will be hereinafter shown.

On December 23, 1927, H. (Hughie) D. Jefcoat, the father of the complainant E. P. Jefcoat, owned a 20 acre tract of land adjoining the 40 acres here involved, and he thereupon exchanged the same for a conveyance in his favor of the said SE¼ of the SW¼ from Eastman-Gardner and Company, a corporation, each of the grantors reserving "the oil, coal and all other minerals" under the respective tracts of land being conveyed by each of them. These conveyances were thereupon duly placed of record.

On February 1, 1930, the said Hughie D. Jefcoat and wife conveyed for a valuable consideration to the complainant E. P. Jefcoat the N½ of the SE¼ of the SW¼, together with other small tracts of land, without any reservation or exception as to the oil, gas and other minerals, but the proof shows that the grantee E. P. Jefcoat then had actual knowledge of the reservation of the said minerals by Eastman-Gardner and Company, and he of course had constructive notice thereof from the record. He did not therefore, either intend to pay for or to receive title to said minerals when he purchased this 20 acres of land from his father in 1930. Nor did his father intend to convey such minerals to him, since they both had actual knowledge, and the record disclosed, that he did not then own them.

As to the minerals under this north 20 acres of the land in question, the complainant E. P. Jefcoat relies upon the doctrine of an after acquired title thereto, based upon the fact that on January 20, 1934, his father and grantor received a quitclaim deed from Eastman-Gardner and Company to this and other lands, for which he paid $1 and which did not reserve or except the minerals by any express reference thereto, although the same had been previously sold by said corporation to the appellant Smith County Oil Company by an unrecorded deed, on

December 20, 1932. Hence, the complainants claim that whatever additional interest or title Hughie D. Jefcoat may have acquired by virtue of the said quitclaim deed on January 20, 1934, enured to the benefit of the complainant E. P. Jefcoat.

It appears that the conveyance from Eastman-Gardner and Company to the Smith County Oil Company, although a quitclaim deed, was for a valuable consideration, and conveyed all of the oil, gas and other minerals under the SE¼ of the SW¼ and many other tracts of land, but was not filed for record until June 21, 1940. According to the proof neither the said complainant E. P. Jefcoat nor his father had any notice of this conveyance until shortly prior to the filing of this suit, but when the said E. P. Jefcoat purchased this 20 acres of land from his father in 1930 the record disclosed that the minerals had been reserved and were still owned by Eastman-Gardner and Company, and he is not therefore in position to invoke as a subsequent purchaser the aid of Sections 867, 868 and 869, Code 1942, known as our registry statutes, which were then in force.

The pertinent parts of the applicable statute here, Section 869, provide: "Every conveyance . . . shall take effect, as to all subsequent purchasers for a valuable consideration without notice, . . . , only from the time when delivered to the clerk to be recorded; and no conveyance, . . . , shall take precedence over any similar instrument affecting the same property which may be of record, to the end that with reference to all instruments which may be filed for record under this section, the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice."

Reliance upon the record would have disclosed to the complainant E. P. Jefcoat when he purchased this 20 acres of land in 1930 that the title to the minerals was reserved by and still vested as a severed estate in Eastman-Gardner and Company, aside from his admission that he had actual notice of such fact.

It therefore, follows that the trial court was in error in adjudicating that the complainants were the owners of the fee simple title to both the soil and the minerals as to the N½ of the said SE¼ of the SW¼ here involved, and was, therefore, in error in cancelling the several mineral conveyances of the defendants as to this 20 acres of land, as clouds upon the alleged title of the complainants thereto.

As to the S½ of the said SE¼ of the SW¼, the same was conveyed by the said Hughie D. Jefcoat and wife to their son H. P. Jefcoat on January 26, 1935, and therefore subsequent to the execution and recordation of the quitclaim deed from Eastman-Gardner and Company to the said father of this grantee on January 20, 1934, and prior to the recordation of the deed from Eastman-Gardner and Company to the said Smith County Oil Company on June 21, 1940. The purchase of this south 20 acres by H. P. Jefcoat from his father was by warranty deed, and for a valuable consideration, and he thereafter conveyed the same to the complainant E. P. Jefcoat, but apparently for a mere nominal consideration, according to the recitals of the deed. The latter fact, however, is immaterial if the said H. P. Jefcoat had acquired a good title to both the soil and the minerals under and by virtue of the registry statute hereinbefore quoted from.

It is conceded that Hughie D. Jefcoat, the father and grantor of H. P. Jefcoat, paid only the sum of $1 in 1934 for the quitclaim deed to the SE¼ of the SW¼ and other lands. This was a good and valid consideration, but not a valuable consideration within the meaning of this registry statute. Although a good consideration, it was merely a nominal one and such as would not entitle the grantee therein to the benefit of this registry statute, as ''a subsequent purchaser for a valuable consideration'' as against the unrecorded prior conveyance in favor of the appellant Smith County Oil Company, which appears to have been executed for a valuable consideration. Martin v. Russell, et al., 193 Miss. 825, 11 So. (2d) 434; Campbell

v. Laclede Gas Light Co., 84 Mo. 352; Strong v. Whybark, 204 Mo. 341, 102 S. W. 968, 12 L. R. A. (N. S.) 240, 120 Am. St. Rep. 710; Ellison v. Torpin, 44 W. Va. 414, 30 S. E. 183; Morris v. Wicks, 81 Kan. 790, 106 P. 1048, 26 L. R. A. (N. S.) 681, 19 Ann. Cas. 319; Wisconsin River Land Co. v. Selover, 135 Wis. 594, 116 N. W. 265, 16 L. R. A. (N. S.) 1073.

From the fact that Hughie D. Jefcoat could not claim the protection of any of the registry statutes, it is strenuously urged by the appellants that since there had been no merger of title in the said Hughie D. Jefcoat of both the previously several mineral estate and the soil, there could be no such merger in his grantee H. P. Jefcoat, since he was charged with notice as to the law of merger which declares that it is only when two estates meet in one and the same person that such person can convey a good title to the previously severed estates, citing Humphreys-Mexia Co. et al. v. Gammon et al., 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607; Merrill Engineering Co. v. Capital National Bank, 192 Miss. 378, 5 So. (2d) 666. This point would be well taken in the instant case except for the said Section 869, Code 1942. We do not think that this statute is displaced by the law of merger, but that rather the statute has the effect of merging the two estates in the said H. P. Jefcoat if he was a subsequent purchaser for a valuable consideration and without notice. As heretofore shown he was a subsequent purchaser, relying upon the fact that the minerals were reserved of record in the Eastman-Gardner Company during the year 1927 and that the said company had thereafter executed in favor of Hughie D. Jefcoat a quitclaim deed, having the effect of passing ''all the estate or interest the grantor has in the land conveyed'', under Section 846, Code 1942; and it is not shown that he had actual notice as to who owned the minerals other than what the record then disclosed when he paid a valuable consideration for the said south 20 acres of land. He had ''heard his father and E. P. Jefcoat talking about it'' when his father obtained the quitclaim deed

in 1934, but there was nothing in the conversation or in the testimony to disclose that the title to the minerals was oustanding in a third party at the time the record owner executed the said quitclaim deed. This conveyance neither reserved the minerals in the grantor nor made any reference thereto; they appeared of record to be still owned by the grantor in the quitclaim deed; and if what appeared to be true had in fact been true, then the title to the minerals would have passed under the quitclaim deed, insofar as H. P. Jefcoat who subsequently paid a valuable consideration for the land is concerned, since he had no notice, either actual or constructive, as to the mineral deed in favor of the Smith County Oil Company.

We are, therefore, of the opinion that as to the S½ of the said SE¼ of the SW¼ the said H. P. Jefcoat acquired a good title both as to the soil and as to the minerals under his warranty deed from Hughie D. Jefcoat and wife because of the effect of the registry statute here involved.

Therefore the decree of the trial court must be affirmed only insofar as it adjudicates that the appellees are the owners of the fee simple title of the said south 20 acres of the 40, and insofar as it cancels the mineral conveyances of record in favor of the appellants as clouds upon the fee simple title of appellees thereto, but the decree in granting similar relief as to the N½ of the said 40 acres must be reversed, and a decree should be rendered here adjudicating that the individual appellants acquired a good title from the Smith County Oil Company to the minerals insofar as the north half of the said 40 acres is concerned.

And the decree must also be reversed wherein it awards damages to the complainants against the defendant Smith County Oil Company because of the failure and refusal of the said defendant to either cancel its conveyance of record or quitclaim the minerals to the said complainants, for the reason that the facts hereinbefore set forth and the testimony of the witnesses fail to disclose a state of case that would justify the infliction of damages against

the said defendant because it chose to rely upon its conveyance and what it conceived to be the law in regard to its rights in the premises. The proof fails to disclose any wilful, wrongful or malicious attempt on the part of the said defendant to prevent the complainants from making a sale of the minerals to the prospective purchaser thereof who had executed a check or draft for one-half of the royalty interest on said 40 acres of land, subject to the approval of the title thereto when such defendant declined to cancel or release its claim of title to the same. Since we found it necessary to call for additional briefs before reaching a final conclusion as to the rights of the respective parties in the premises, we are unable to say that the claim of the said defendant was asserted without probable cause, or with a wilful or malicious purpose to injure and damage the appellees, since the evidence does not sustain the theory of fraud or show any malice, and, therefore, there can be no recovery of damages on account thereof. Ward v. Mid-West & Gulf Co., 97 Okl. 252, 223 P. 170; Linville v. Rhoades, 73 Mo. App. 217; Like v. McKinstry, 3 Abb. Ct. App. Dec. (N. Y.) 62, 4 Keyes 397; Coffman v. Henderson, 9 Ala. App. 553, 63 So. 808; Andrew v. Deshler, 45 N. J. L. 167; New Orleans Land Co. v. Slattery, 145 La. 256, 82 So. 215; Hurwitz v. Lotz, 172 La. 27, 133 So. 351; Borne v. Robert P. Hyams Coal Co., 10 La. App. 646, 121 So. 786; Butts v. Long, 106 Mo. App. 313, 80 S. W. 312; Long v. Rucker, 166 Mo. App. 572, 149 S. W. 1051, Id., 177 Mo. App. 402, 164 S. W. 170; Clark v. Tensas Delta Land Co. 172 La. 913, 136 So. 1.

Affirmed in part, reversed in part, and decree here accordingly.