Charles QUEEN et al., Plaintiffs,

v.

AMERICAN GENERAL FINANCE, INC., American General Corporation, Merit Life Insurance Company, Yosimite Insurance Company, Chris Weekly, Lynn Hicks, Troy Brooks, Marc Robinson, Unknown Defendants A—C, Defendants.

No. CIV.A.5:03 CV 57BRS.

United States District Court, S.D. Mississippi, Western Division.

Sept. 30, 2003.

Suzanne Griggins Keys, Katrina M. Gibbs, Precious Tyrone Martin, Byrd & Associates, Jackson, MS, for Plaintiffs.

Emerson Barney Robinson, III, Butler, Snow, O'Mara, Stevens & Cannada, Charles E. Griffin, Griffin & Associates, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This cause is before the Court on the plaintiffs' Motion to Remand [docket entry no. 3–1] and Motion to Stay [docket entry no. 4–1], as well as the defendants' Motion for Leave to File Surreply [docket entry no. 22–1]. Having carefully considered the motions, responses, and briefs, as well as the applicable law, the Court finds as follows:

The plaintiffs in this case are individuals who obtained loans from American General Finance, Inc. ("American General"). On December 26, 2002, they filed suit in the Circuit Court of Jefferson County, Mississippi, making a number of allegations in connection with their loan transactions, to include that they were wrongfully charged for credit insurance products provided by defendants Merit Life Insurance Company ("Merit Life"), and/or Yosimite Insurance Company ("Yosimite"). The plaintiffs named three corporate defendants (American General Finance, Inc., Merit Life and Yosimite) and four individuals identified as American General employees, all of whom, like the plaintiffs, are alleged to be residents of Mississippi.

The defendants timely removed this case to federal court under 28 U.S.C. § 1441(a), which states in part that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed ... to the district court of the United States for the district and division embracing the place where such action is pending.

The plaintiffs now move to remand the case to state court.

■■■ The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, like here, "it has the burden of proving the fraud." *Laughlin v. Prudential Insurance Co.*, 882 F.2d 187, 190 (5th Cir.1989). To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

■■■ When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir.2000). Removal is proper if "a plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the instate defendant." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 390 (5th Cir.2000).

Diversity jurisdiction requires satisfaction of the following two elements: (1) amount in controversy; and (2) diversity of citizenship. These requirements are set forth in 28 U.S.C. § 1332(a), which states in relevant part that:

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States ....

Neither party disputes that the jurisdictional minimum is satisfied in this case.[1] What is disputed, however, is whether complete diversity exists between the opposing parties. The plaintiffs contend that there is incomplete diversity between them and the in-state loan officers. The plaintiffs also assert that they have stated a cause of action against the resident defendants. The defendants argue that there is no possibility of recovery against the in-state defendants; therefore, the in-state loan officers have been fraudulently joined for the purpose of defeating diversity jurisdiction.

■■■ The plaintiffs are all residents of Mississippi. Defendants Merit Life and Yosemite are Indiana corporations with their principal places of business in Indiana. Defendant American General is a Delaware corporation with its principal place of business in Indiana. Defendants Chris Weekly, Lynn Hicks, Troy Brooks, and Marc Robinson are resident citizens of Mississippi.

The plaintiffs have alleged several causes of action against the resident defendants, including (1) breach of fiduciary duty; (2) breach of implied covenant of good faith and fair dealing; (3) fraudulent misrepresentation and/or omission; (4) negligent misrepresentation and/or omis-

---

1. The plaintiffs seek $1,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages. The Court therefore finds that the amount in controversy requirement of § 1332(a) is met.

sion; (5) civil conspiracy; (6) negligence; and (7) unconscionability.

Each of these causes of action is governed by, at most, a three-year statute of limitations. *See* Miss.Code Ann. § 15-1-49(1). The plaintiffs in this action obtained their loans between seven and eleven years prior to filing suit, and therefore, their claims are time-barred.

The plaintiffs argue that the statute of limitations was tolled because their claims were fraudulently concealed, and the plaintiffs could not discover them with reasonable diligence. This Court is not persuaded by the plaintiffs' arguments.

■ The statute of limitations may be tolled under circumstances where the underlying cause of action has been fraudulently concealed by the defendants. But the statute of limitations begins to run at the time the fraud is discovered, or at such time as the fraudulent concealment "with reasonable diligence might have been first known or discovered." Miss.Code Ann. § 15-1-67. Under Mississippi law, to toll the limitations period, a plaintiff must prove (1) that the defendant "engaged in affirmative acts of concealment," and (2) that "though [the plaintiff] acted with due diligence in attempting to discover [the claim, the plaintiff] was unable to do so." *Robinson v. Cobb,* 763 So.2d 883, 887 (Miss.2000).

In the case at bar, the plaintiffs have failed to plead or offer any proof of an affirmative act of fraudulent concealment post-completion of the loan, nor have the plaintiffs pled or offered any proof that they acted with due diligence in attempting to discover their claims. It is evident that, with reasonable diligence, the plaintiffs would have discovered the alleged fraud on the date they obtained their loans. The loan and credit insurance documents alone placed the plaintiffs on notice of the terms of their agreements, including the fact that credit insurance was not required. Thus, the statute of limitations began to run at the time the loan documents were signed, and the plaintiffs' claims are time-barred. *See, e.g., Stephens v. Equitable Life Assur. Society of U.S.,* 850 So.2d 78 (Miss.2003).

For the foregoing reasons, the Court finds that the defendants have met their burden demonstrating there is no reasonable basis for predicting that state law might impose liability upon the non-diverse defendants. This Court also finds that the requirements of 28 U.S.C. § 1332(a) are met. The plaintiffs' motion to remand shall therefore be denied, and the fraudulently joined defendants shall be dismissed. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir.1999). The plaintiffs' motion to stay shall be denied, and the defendants' motion for leave to file surreply shall be denied as moot. Accordingly,

IT IS HEREBY ORDERED that plaintiffs' Motion to Remand [docket entry no. 3-1] is **DENIED**;

FURTHER ORDERED that defendants Chris Weekly, Lynn Hicks, Troy Brooks, and Marc Robinson are **DISMISSED** from this action;

FURTHER ORDERED that the plaintiffs' Motion to Stay [docket entry no. 4-1] is **DENIED**;

FURTHER ORDERED that the defendants' Motion for Leave to File Surreply [docket entry no. 22-1] is **MOOT**.

FURTHER ORDERED that the parties shall notify Magistrate Judge Sumner's office of the Court's denial of the motion to remand, so that a scheduling order can be entered.