393 So.2d 1346 (1981)
G.E. HART
v.
E.V. CATOE, Jr.
No. 52244.
Supreme Court of Mississippi.
February 18, 1981.
J.B. Van Slyke, Jr., Pope & Van Slyke, Hattiesburg, for appellant.
F. Douglas Montague, III, Gray, Montague & Pittman, Hattiesburg, for appellee.
EN BANC.

ON MOTION FOR AWARD OF STATUTORY DAMAGES
*1347 LEE, Justice, for the Court:
On December 3, 1980, we affirmed a judgment of the Forrest County Chancery Court cancelling claims of G.E. Hart to certain lands of E.V. Catoe, Jr. The appellee Catoe has filed a Motion for Five Percent (5%) Statutory Damages following affirmance. Mississippi Code Annotated Section 11-3-23 (1972)[1] provides in part as follows:
"In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the Supreme Court shall render judgment against the appellant for damages, at the rate of five per centum and costs as follows: ... If the judgment or decree be for the possession of real ... property, the damages shall be assessed on the value of the property."
The record in this case does not indicate the value of the property and the question here presented is how to arrive at such value in order to determine the five percent damages. This issue was addressed in McBride v. Burgin, 143 Miss. 596, 108 So. 811 (1926), where the Court said:
"The motion in this case is that the case be remanded to the lower court in order that a writ of inquiry be issued by that court to ascertain the value of the real estate, the possession of which was adjudged to the appellee, Burgin, in the lower court, and which was affirmed here, so that when said value is ascertained the appellee may have the 5 per cent. damages allowed him upon the appeal in this case under sections 4926 and 4927 of the Mississippi Code of 1906 (Hemingway's Code, §§ 3202 and 3203).
It appears that this record does not disclose the value of the lands awarded to appellee, Burgin, in an ejectment action at a former day of this term of this court, and it being clear that he is entitled to 5 per cent. damages on the value of the real estate, the motion to correct the judgment is sustained so that we shall remand the case to the lower court in order that said court by writ of inquiry may ascertain the value of the real estate involved in this controversy, and that the judgment of this court is that the appellee, Burgin, shall have and recover of McBride and others, and the sureties on their bond, the amount of 5 per cent. damages on the value of the property thus ascertained by the writ of inquiry in the lower court." 143 Miss. at 596-597, 108 So. at 811.
The award of statutory damages in such cases is mandatory, not discretionary. Chrismond v. Chrismond, 213 Miss. 189, 56 So.2d 482 (1952).
We are of the opinion that the Motion for Five Percent Statutory Damages should be sustained and the case is remanded to the Chancery Court of Forrest County in order that the lower court may ascertain the value of the real estate involved. The judgment of this Court is that appellee E.V. Catoe, Jr. shall have of and recover from G.E. Hart and the sureties on his bond the amount of five percent (5%) damages on the value of the property so ascertained by the writ of inquiry in the lower court.
MOTION FOR STATUTORY DAMAGES SUSTAINED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] The Legislature amended Section 11-3-23, effective July 1, 1980, by Chapter # 533, Miss. Gen.Laws 1291 [1980] increasing the statutory damages on affirmance to fifteen percent (15%). The Bench and Bar should take notice of such amendment.