437 So.2d 7 (1983)
The PEOPLES BANK AND TRUST COMPANY and Bank of Mississippi
v.
L. & T. DEVELOPERS, INC., Joe L. Arick, D/B/A A. & H. Electrical and Refrigeration; and the Wickes Corporation.
No. 54171.
Supreme Court of Mississippi.
August 17, 1983.
*8 Riley & Weir, James Patrick Caldwell, Mitchell, Eskridge, Voge, Clayton & Beasley, Stephen M. Corban, Tupelo, for appellants.
Robert L. Lancaster, Columbus, Carnathan & Malski, John M. Creekmore, Tupelo, Tubb, Stevens & Morrison, J. Joshua Stevens, Jr., West Point, for appellees.
Before PATTERSON, C.J., and ROY NOBLE LEE and ROBERTSON, JJ.

ON MOTION FOR ASSESSMENT OF STATUTORY DAMAGES
ROBERTSON, Justice, for the Court:

I.
On April 12, 1982, the Chancery Court of Clay County, Mississippi, rendered a final decree the net effect of which was the recognition of perfected liens or security interests in and to one or more of three tracts of land in Clay County, the priorities and amounts of which are as follows:

 TRACT NO. I
(1) (a) Joe L. Arick, d/b/a A & H
 Electrical and Refrigeration $ 3,200.00
 (b) The Wickes Corporation $ 5,030.89
(2) L & T Developers, Inc. $ 8,000.00
(3) Bank of Mississippi $32,000.00
 TRACT NO. II
(1) The Wickes Corporation $ 2,387.77
(2) L & T Developers, Inc. $ 8,000.00
(3) Peoples Bank & Trust Company $31,845.00
 TRACT NO. III
(1) L & T Developers $ 8,000.00
(2) Peoples Bank and Trust Company $31,605.00

The Chancery Court's final decree further provided, inter alia, as follows:
That Peoples Bank & Trust Company and Bank of Mississippi are granted the option to within thirty (30) days of the date of this decree, to pay said prior liens and all costs herein. That if said option is not exercised, said tracts shall be sold by judicial sales in accordance with the statutes in that regard made, and the *9 proceeds of said sales shall be applied first to the payment of all court costs and then in accordance with the hereinabove ordered priority of liens.
The Chancery Court's decree may fairly be regarded as "a judgment or decree for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or establish a lien or charge or claim upon or some interest in property" within the meaning of Miss. Code Ann. § 11-3-23 (Supp. 1982).
On June 1, 1983, the Court released its opinion affirming the decree of the Chancery Court. Peoples Bank and Trust Company, et al., v. L & T. Developers, Inc., et al., 434 So.2d 699 (Miss. 1983).

II.
L & T Developers, Inc., one of the Appellees herein and also a Cross-Appellant, has now filed a Motion to Correct Judgment by Assessment of Statutory Damages.[1] In effect, L & T's motion seeks the addition of 15 percent to the amount of its liens recognized in the final decree of the Chancery Court of Clay County, L & T relies upon rights claimed under the Mississippi mandatory damages statute, Miss. Code Ann. § 11-3-23 (Supp. 1982).[2]
The decree of the Chancery Court, affirmed here, recognizes a perfected security interest or lien in L & T Developers, Inc. (a) in the amount of $8,000 against Tract No. I, (b) in the amount of $8,000 against Tract No. III. The decree further provides that the property may be sold to pay the lien.
Bank of Mississippi was the Appellant with respect to Tract No. I only. On appeal it challenged L & T's $8,000 lien against the property. The bank argued:
"L & T Developers' subsequent and junior lien, therefore, was extinguished by the "first" deed of trust of Bank of Mississippi, and as such, L & T Developers must look to the proceeds of the foreclosure sale. Since the proceeds figure was insufficient to satisfy the indebtedness to Bank of Mississippi, secured by the first deed of trust, L & T Developers' lien is extinguished by the foreclosure and should be cancelled of record." See Brief of Appellant, Bank of Mississippi, filed October 6, 1983, page 30.
The other Appellant, Peoples Bank and Trust Company, challenged only priority, to-wit: Peoples Bank's first assignment of error was
"The Trial Court erred in holding that the deed of trust held by L & T Developers, Inc. was prior to the deeds of trust held by the Peoples Bank and Trust Company."
Peoples Bank argued with respect to Tract No. II that its $31,845 lien had priority over L & T's $8,000 lien and that with respect to *10 Tract No. III its $31,605 lien had priority over L & T's $8,000 lien.

III.

A.
One of Section 11-3-23's requisites for award of the 15 percent damages is that "the only matter complained of on the appeal is the decree as to some particular property or claim on it". We find this requisite to have been met.
As indicated above, one of the Appellants, Bank of Mississippi, contested the validity of L & T's lien. The other Appellant, Peoples Bank, challenged only priority. Regardless of differences in legal theory between the two Appellants, both appeals presented a dispute regarding these tracts of land. If the two Appellants had been successful on their appeal, the net practical effect would have been that L & T would have completely lost its interest in these three tracts of land.
Under the theory advanced by Bank of Mississippi, L & T's lien would have been "cleaned off" by a foreclosure sale. Under Peoples Bank's theory, it was entitled to priority over L & T. Under Peoples Bank's theory, it was entitled to priority over L & T. Had either theory prevailed, it is clear that L & T Developers would have walked away from this litigation empty handed. Under these facts and circumstances, we hold that, within the meaning of Section 11-3-23, the only matter of substance complained of on this appeal was the decree of the Chancery Court as to the three tracts of land and the claims to them.

B.
The next point we consider in opposition to the Motion for Assessment of Statutory Damages is that L & T Developers, Inc. was not wholly successful on this appeal. First, it is noted that L & T was a cross-appellant and that its cross-appeal was denied. Second, it is urged that, at least with respect to Tract Nos. I and II, the Chancellor's decree and this Court's affirmance granted a first priority to the materialmen and construction lienors, Arick and Wickes, with L & T Developers, Inc. receiving only a second priority.

1.
The first point is answered authoritatively in Housing Authority of City of Gulfport v. Barbee, 283 So.2d 591 (Miss. 1973). In the Barbee case, the appellee, J.G. Barbee, III, had taken a cross-appeal. This Court affirmed on direct and cross-appeal. Housing Authority of City of Gulfport v. Barbee, 279 So.2d 604 (Miss. 1973). In other words, Barbee was unsuccessful on his cross-appeal. This Court held, nevertheless, that Barbee was entitled to an assessment of statutory damages under the precursor of Section 11-3-23. In assessing the statutory damages, the Court stated:
Even though the Housing Authority and Barbee both were dissatisfied with the $20,000 judgment, the Housing Authority first took advantage of the appellate process and initiated an appeal. Barbee later cross-appealed. The judgment of the court below was affirmed without change, 279 So.2d 604; this case fits squarely within the terms of the statute. The statute provides: "... the Supreme Court shall render judgment against the appellant for damages . .." We must comply with the mandate of the law.
The litigant who first initiates an appeal was construed by us in Pearce v. Ford Motor Company, 235 So.2d 281 (Miss. 1970) to be the appellant referred to in Section 1971 against whom damages are to be assessed upon affirmance without change of the lower court's judgment. 283 So.2d at 592.
Bank of Mississippi with respect to Tract No. I and Peoples Bank and Trust Company with respect to Tract Nos. II and III are the litigants who first initiated this appeal. They are subject to assessment of statutory damages under Section 11-3-23. The fact that L & T took a cross-appeal which was unsuccessful is irrelevant.

2.
The next question presented is whether the fact that L & T was awarded by the Chancellor a second priority, which *11 was affirmed here, instead of a first priority, precludes application of the statutory damages statute. We hold that it does not.
In the first place, the statute provides that the 15 percent damages shall be assessed "in case the judgment or decree of the court below be affirmed". That occurred here. What  and all  L & T won in the Chancery Court has been affirmed here. What  and all  L & T won in the Chancery Court was under great attack by the two Appellants, Bank of Mississippi and Peoples Bank & Trust Company, on this appeal. That appeal was denied in its entirety.
We are not unaware that our prior cases have heretofore cautioned that Section 11-3-23 is highly penal and ought be construed against the claim of the moving appellee. McKendrick v. Lyle Cashion Company, 234 Miss. 325, 340, 106 So.2d 509, 511 (1958); Lowicki v. Lowicki, 429 So.2d 917, 919 (Miss. 1983). Though this admonition be well in mind, no linguistic expertise is necessary to see that this case fits well within the plain meaning of Section 11-3-23.

C.
Bank of Mississippi points out that statutory damages may not be awarded unless the affirmance is unconditional. The Bank argues that the alternatives given the banks of payment of L & T's lien or sale of the property to satisfy L & T's claim run afoul of this rule.
Our cases are clear that affirmance must indeed be unconditional before statutory damages may be assessed. Shipman v. Lovelace, 215 Miss. 141, 144-146, 60 So.2d 559, 560-561 (1952); Comment, Mandatory Assessment of Damages Against An Unsuccessful Appellant: A Constitutional Analysis, 53 Miss.L.J. 281, 286 (1983). The conditions noted here were in the Chancery Court's final decree rendered April 12, 1982. That arguably "conditional" final decree was unconditionally affirmed by this Court on June 1, 1982.
In summary, we have before us an appeal to this Court from a final decree of the type specified in Section 11-3-23 which on June 1, 1983, we affirmed. Where these requisites have been met, the award of statutory damages is mandatory, not discretionary.[3]Chrismond v. Chrismond, 213 Miss. 189, 193, 56 So.2d 482, 484 (1952); Hart v. Catoe, 393 So.2d 1346, 1347 (Miss. 1981); Lowicki v. Lowicki, 429 So.2d 917, 919 (Miss. 1983).
We have carefully reviewed a very thoughtful and recently published comment subjecting our mandatory penalty statute to critical analysis under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. Comment, Mandatory Assessment of Damages Against An Unsuccessful Appellant: A Constitutional Analysis, 53 Miss.L.J. 281, 289-302 (1983). We have previously rejected an equal protection challenge to the statute. Wallace v. Jones, 360 So.2d 932, 934 (Miss. 1978). No constitutional challenge is made by either bank here. Thus, we do not consider or pass upon any such potential issues.

IV.
The statute provides that in cases such as this the 15 percent shall be determined as follows:
The damages shall be computed on the value of the property or the interest in it, *12 if the value of the property or the interest in it be less than the judgment or decree against it; but if the value of the property or interest in it be greater than the amount of the judgment or decree against it, the damages shall be upon the amount of the judgment or decree; ...
Based on the record before us it appears most probable that the value of each tract of land is sufficient to discharge the claims of the materialmen and construction lienors and also discharge in full the $8,000 liens of L & T Developers. Appellants, however, argue strenuously that the value of the land is not so sufficient. Because a substantial amount of time has elapsed since the trial of this case, we have no way of knowing with any reasonable degree of certainty just what the value of these three tracts of land may be today.[4] Before the above quoted language from Section 11-3-23 can be applied, value must be established.
Accordingly, we hold that L & T Developers, Inc. is entitled to 15 percent statutory damages computed according to Section 11-3-23. We remand the case to the Chancery Court for a factual determination of the value[5] of each of the three tracts of land at this time. See McBride v. Burgin, 143 Miss. 596, 596-597, 108 So. 811 (1926); Hart v. Catoe, 393 So.2d 1346, 1347 (Miss. 1981).
The judgment of the Court on the instant motion is that L & T Developers, Inc. shall have and recover of Bank of Mississippi and its sureties an amount equal to 15 percent (a) of $8,000.00 (which is $1200.00), or (b) of so much of the present fair market value of Tract No. I and its improvements as exceeds $8230.89,[6]whichever is the lesser. To secure the payment of this amount, L & T shall have a lien against Tract No. I which shall have priority over the lien of the deed of trust held by Bank of Mississippi (but which will remain subordinate to the liens held by Arick and Wickes).
Further, L & T Developers, Inc. shall have and recover of Peoples Bank and Trust Company and its sureties an amount equal to
(1) 15 percent
(a) of $8,000.00
(being $1200.00), or

(b) of so much of the present fair market value of Tract No. II and its improvements as exceeds $2,387.77[7],
whichever is the lesser;
plus
(2) 15 percent
(a) of $8,000.00
(being $1200.00), or

(b) of the present fair market value of Tract No. III,
whichever is the lesser.
To secure the payment of this amount, L & T shall have a lien against Tract Nos. II and III which shall have priority over the lien of the deed of trust held by Peoples Bank and *13 Trust Company (but which will be subordinate to the Wickes lien against Tract No. II).
MOTION FOR AWARD OF STATUTORY DAMAGES SUSTAINED:
CASE REMANDED FOR DETERMINATION OF VALUE OF PROPERTIES.
PATTERSON, C.J., WALKER and BROOM P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PRATHER, J., takes no part.
NOTES
[1] Similar motions for assessment of statutory penalty were filed by materialmen/construction lienors Joe L. Arick, d/b/a A & H Electrical and Refrigeration, and The Wickes Corporation. Those motions were sustained without opinion on July 13, 1983.
[2] Miss. Code Ann. § 11-3-23 (Supp. 1982) reads as follows:

In case the judgment or decree of the court below be affirmed, ..., the Supreme Court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%) as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property... . If the judgment or decree . .. be a judgment or decree for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or establish a lien or charge or claim upon or some interest in property, and the only matter complained of on the appeal is the decree as to some particular property or claim on it, the damages shall be computed on the value of the property or the interest in it, if the value of the property or interest in it be less than the judgment or decree against it; but if the value of the property or interest in it be greater than the amount of the judgment or decree against it, the damages shall be upon the amount of the judgment or decree; ....
A helpful review of the manner in which our mandatory penalty statute has been construed over the years appears in Comment, Mandatory Assessment of Damages Against an Unsuccessful Appellant: A Constitutional Analysis, 53 Miss.L.J. 281, 282-288 (1983).
[3] Enforcement of the statute in this case has caused the Court no little concern. In no sense can it be said that the appeal taken by the two banks vis-a-vis L & T was frivolous. Rather, an important question of first impression was raised. See Peoples Bank and Trust Company, et al., vs. L & T Developers, Inc., et al., 434 So.2d 699, 710 (Miss. 1983). To be sure, that question was resolved adversely to the banks. Still, it is difficult to ascertain the justice of imposing the penalty upon them for having taken this appeal.

We are not unaware that Mississippi is only one of two states (the other being Alabama) having a mandatory penalty statute. See Ala. Code § 12-22-72 (1975). Most other states have discretionary statutes. See Comment, Mandatory Assessment of Damages Against an Unsuccessful Appellant: A Constitutional Analysis, 53 Miss.L.J. 281, 282 fn. 3, 288-289 (1983). Any change in the nature of our statute, of course, must come from the legislature, not from this Court. See Lowicki v. Lowicki, 429 So.2d 917, 920 (Miss. 1983).
[4] A persuasive argument could be made that value should be determined as of the date of the final decree appealed from. That date here would be April 12, 1982. The argument is that the appellant should not be allowed to escape the sting of the penalty by the fortuity that the property may depreciate in value during a long drawn out appellate process. The statute is silent on the point. We construe it here to refer to present value (a) because of the impracticability of determining with any accuracy value as of an arbitrary prior date such as April 12, 1982, and (b) because more often than not the value of property will, if anything, increase.
[5] Peoples Bank has argued that "damages should ... be based on what these tracts would bring at foreclosure". It makes this argument despite the generally known fact that property sold at foreclosure or distress sale almost never brings its full value. See Central Financial Services, Inc. v. Spears, 425 So.2d 403, 404 fn. 2 (Miss. 1983). The record reflects that Peoples Bank tried "to get away with" $1000 and $500 foreclosure sale bids on Tracts II and II, respectively. Its argument now that actual judicial sales price, rather than fair market value, should be "value" for purposes of the damages computation to be made under Section 11-3-23 is less than persuasive.
[6] The figure $8,230.89 has been computed by adding together the amounts of the Arick ($3,200.00) and Wickes ($5,030.89) liens which have been held to have priority over the lien of L & T Developers, Inc.
[7] Here we refer to the lien of the Wickes Corporation in the amount of $2,387.77 held to have priority as a lien against Tract No. II over the lien of L & T.