458 So.2d 732 (1984)
OLD SECURITY CASUALTY INSURANCE COMPANY, a/k/a American Continental Insurance Company
v.
Cora CLEMMER and Hubert Clemmer.
No. 54272.
Supreme Court of Mississippi.
October 31, 1984.
Charles M. Merkel, Merkel & Cocke, Clarksdale, for appellant.
Robert L. Williams, Hernando, for appellees.

ON MOTION TO CORRECT JUDGMENT, TO RETAX COSTS AND FOR STATUTORY DAMAGES
PRATHER, Justice, for the Court:
Cora and Hubert Clemmer were awarded a final total judgment of $80,000.00 for personal injury to the wife, property damage to the husband, and punitive damages to both parties against Ezekial Curry. The Clemmers then filed a suggestion for writ of garnishment against Curry's automobile liability insurance carrier, Old Security Casualty Insurance Company (hereafter referred to as Insurance Company), as garnishee.
The insurance company tendered into the trial court $13,800, admitting liability for a $10,000 limit for Mrs. Clemmer's personal injury and $3,800 on Mr. Clemmer's property damage. The trial court in the garnishment suit awarded a total award of $25,000, representing $10,000 personal injury to Mrs. Clemmer, $5,000 property damage *733 to Mr. Clemmer, and $10,000 punitive damage to Mr. Clemmer. The Clemmers were paid the $13,800 tender.
The Insurance Company appealed the award of $10,000 punitive damage to Mr. Clemmer from the "per occurrence" coverage. This Court, 455 So.2d 781, reversed the $10,000 punitive damage award from the per occurrence provision of the policy as there was only one person injured, but affirmed the $5,000 property damage to Mr. Clemmer and $10,000 compensatory damage to Mrs. Clemmer, less any amount previously paid. Costs were taxed against the appellee by the court mandate which gave rise to this motion to retax the cost and award the statutory damages.

I.
An appellant before this Court shall prepay the costs of the transcript of the record and summons to the opposite party and all costs which accrue in the Supreme Court. Miss. Code Ann. § 11-3-45 (Supp. 1983). At the conclusion of a case in this Court, this Court may assess appeal costs within its discretion. Porter v. Ainsworth, 288 So.2d 709 (Miss. 1974); Humphreys, et. al. v. Thompson, et. al., 130 So. 152 (1930).
Since the appellant here was successful in reversing a portion of the trial court judgment, it is reasonable that the appellee be taxed with that proportionate share of the appeal costs which was reversed. This Court, therefore, assesses the appeal costs at forty percent against the appellee and sixty percent against the appellant.
The assessment of trial court costs against the appellant is not disturbed.

II.
As to the request of appellee for imposition of statutory damages on the judgment rendered here, the subject is controlled by Miss. Code Ann. § 11-3-23 which states that "[i]f the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum." When the statutory requisites are met, the imposition of the statutory penalty for damages is mandatory. Peoples Bank & Trust v. L. & T. Developers, 437 So.2d 7, 11 (Miss. 1983); Lowicki v. Lowicki, 429 So.2d 917, 919 (Miss. 1983); Chrismond v. Chrismond, 213 Miss. 189, 193, 56 So.2d 482, 484 (1952).
The appellant here asserts that its appeal related only to the $10,000 punitive damage award which was reversed, and that, therefore, no assessment of statutory damage should be awarded. The appellant tendered $13,800 to the trial court and that sum was paid to the appellee pending appeal. Additionally, an offer through correspondence was made to the attorney to pay the additional $1,200, although not paid. Appellant concludes that no statutory damage should be assessed against it for any sum.
It is well-settled that section 11-3-23 applies only to unconditional affirmances. Walters v. Inexco Oil Co., 440 So.2d 268, 274 (Miss. 1983); Peoples Bank & Trust v. L. & T. Developers, 437 So.2d 7, 11 (Miss. 1983); Shipman v. Lovelace, 215 Miss. 141, 144-146, 60 So.2d 559, 560-561 (1952). While this Court affirmed the judgment below with reference to the $10,000 compensatory damage award to Mrs. Clemmer and the $5,000 property damage award to Mr. Clemmer, this Court reversed the judgment of the trial court with respect to the $10,000 award of punitive damages. Since this Court's affirmance was not unconditional, section 11-3-23 does not apply and the appellees are not entitled to the statutory penalty.
This Court, therefore, prorates the appeal costs as herein provided between the parties, denies the statutory penalty, affirms the trial court assessment of costs against appellant, and assesses interest on $1200 unpaid balance from and after June 21, 1982 to the date of payment at the legal rate.
MOTION TO CORRECT JUDGMENT, TO RETAX COSTS, AND FOR STATUTORY DAMAGES SUSTAINED IN PART AND DENIED IN PART.
*734 PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.