Notwithstanding our fervent hope that this more than eight year old litigation was at an end, see Johnson v. Black,469 So.2d 88, 89, 91 (Miss. 1985), we are presented yet another round. This time the Appellees, *Page 520 
John E. Black, W.K. Black and Leon Beech, successful by virtue of our decision of May 15, 1985, have filed a motion for assessment of statutory penalty under the authority of Miss. Code Ann. §11-3-23 (Supp. 1984).
A bit of background is needed. This action began when Lauree Mizell, now deceased, filed her bill of complaint alleging that she was the owner of the 78 acre tract in issue by adverse possession. Immediately prior thereto Mizell had been grazing cattle on the land and in that sense possessed — or, as has since been adjudicated, permissively used the land. The Blacks, record title holders, gave notice that they were about to cut timber from the land and that they wanted Mizell's cattle off. Immediately thereafter Mizell sought and obtained a temporary injunction prohibiting the Blacks and Beech from cutting their timber. The Blacks were thus deprived of possession of their property. The Blacks asserted their record title.
After one false start, see Mizell v. Black, 369 So.2d 755
(Miss. 1979), the Chancery Court of George County on February 24, 1982, entered its final judgment in effect upholding the Blacks' title and restoring them to possession of the 78 acre tract. The judgment dismissed the Mizell complaint, removed from the Blacks' title the cloud of any pretended claim of Mizell, and further provided
 that the temporary injunction heretofore entered in this cause shall be and the same hereby is dissolved. . . .
The record further reflects that each of the three Appellees has now filed in the Chancery Court a motion for damages said to have been sustained as a result of the "improper or erroneous suing out of an injunction" by Mizell. W.K. Black claims $5,382.65, John E. Black claims $2,694.18 and Leon Beech claims $2,086.00. The chancellor's final judgment provided that the motion for damages
 shall be heard by this court on a day and time to be set by this court.
Shortly thereafter, however, the instant appeal was perfected and, insofar as we are aware, there has never been a hearing on the motions for damages for wrongfully suing out the injunction.
The primary question for consideration today, however, is Appellees' entitlement to the fifteen percent statutory damages claimed under Section 11-3-23. That statute provides, in pertinent part:
 In case the judgment or decree of the court below be affirmed, . . ., the Supreme Court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%) as follows: . . . . If the judgment or decree [appealed from and affirmed] be for the possession of real or personal property, the damages shall be assessed on the value of the property. . . . If the judgment or decree [appealed from and affirmed] be for the dissolution of an injunction or other restraining process as to certain property, real or personal, . . ., and the only matter complained of on the appeal is the decree as to some particular property or claim on it, the damages shall be computed on the value of the property or the interest in it, if the value of the property or interest in it be less than the judgment or decree against it; . . . .
Our prior cases have recognized three requisites for imposition of the penalty. These are:
 (1) The decree or judgment appealed from must have been a final decree or judgment, not an interlocutory one. Peoples Bank Trust Co. v. L T Developers, 437 So.2d 7, 11 (Miss. 1983); Canal Bank Trust Co. v. Brewer, 147 Miss. 885, 922-23, 114 So. 127, 127-28 (1927).
 (2) The decree or judgment of the lower court must have been affirmed unconditionally. Peoples Bank Trust Co. v. L T Developers, 437 So.2d 7, 11 (Miss. 1983); Shipman v. Lovelace, 215 Miss. 141, 144-46, 60 So.2d 559, 560-61 (1952).
 (3) The only matter complained of must have been the decree or some particular property or claim on it. Peoples Bank Trust Co. v. L T Developers, 437 So.2d 7, 10 (Miss. 1983). *Page 521 
As is apparent from a review of the proceedings in this case, each of these requisites has been met. Where this be so, the award of statutory damages is mandatory, not discretionary.Lowicki v. Lowicki, 429 So.2d 917, 919 (Miss. 1983); Hart v.Catoe, 393 So.2d 1346, 1347 (Miss. 1981). The only question then remaining is whether the judgment affirmed is one of those within the statutory language quoted above.
Hart v. Catoe, 393 So.2d 1346 (Miss. 1981) is precedent for awarding statutory damages in a case such as this. There Hart filed suit to confirm title to a 40 acre tract in Forrest County. Catoe answered and filed a cross-complaint seeking to cancel Hart's claim as a cloud on his title. The trial court ruled for Catoe and dismissed the complaint. This Court affirmed unconditionally. Hart v. Catoe, 390 So.2d 1001 (Miss. 1980). Thereafter, this Court held mandatory the assessment of statutory damages against Hart under the authority of § 11-3-23. Hart v.Catoe, 393 So.2d at 1347. The value of the property not being a matter of record before the Court, the case was remanded to the Chancery Court for that question to be determined.
In the case at bar, the Blacks are in a position legally analogous to that occupied in Hart by E.V. Catoe, Jr. Moreover, Jeannean Johnson, Executrix of the Estate of Lauree Mizell, deceased, occupies a posture comparable to that of G.E. Hart. In the case at bar, this Court unconditionally affirmed a Chancery Court judgment in favor of Black. The effect of that judgment was to dissolve finally the temporary injunction Mizell had obtained and to restore to the Blacks the possession of their property. On the authority of Hart v. Catoe, the Blacks are entitled to the assessment of statutory damages.
So much we may accomplish by virtue of that sentence in §11-3-23 which provides:
 If the judgment or decree [appealed from and affirmed] be for the possession of real or personal property, the damages shall be assessed on the value of the property.
Application of the provision of the statute for imposition of the penalty in cases where the judgment appealed from and affirmed be for the dissolution of an injunction as to real property also the situation we have here, produces the same result. The language there found in the statute provides, in any event, that the base amount upon which the fifteen percent (15%) penalty is computed shall not exceed the value of the property at issue.
This case falls within the spirit and purposes of our statute as well. Section 11-3-23 has been designed to discourage meritless appeals. Walters v. Inexco Oil Co., 440 So.2d 268, 274 (Miss. 1983). The heart of the direct appeal presented by Mizell's executrix was a challenge to the factual determinations of the trial judge. Johnson v. Black, 469 So.2d 88, 90-91 (Miss. 1985). All objective prospective appellants who are objective know that their chances of prevailing on fact appeals generally are slim and none. The statutory penalty is designed to make such would be appellants think hard before proceeding. Our enforcement of the statutory penalty is similarly motivated.
Accordingly, we hold that John E. Black, W.K. Black and Leon Beech are entitled to fifteen percent (15%) statutory damages computed according to § 11-3-23. We remand to the Chancery Court of George County, Mississippi, for a factual determination of the value of the tract of land at issue. Peoples Bank Trust Co. v.L. T. Developers, Inc., 437 So.2d 7, 12 (Miss. 1983); Hart v.Catoe, 393 So.2d 1346, 1347 (Miss. 1981).
The second part of Appellees' motion asked that this Court consider the matter of damages, if any, to which they may be entitled as a result of the wrongful issuance of the temporary injunction in favor of Lauree Mizell, now deceased. Insofar as we can ascertain, that matter has never been acted upon by the trial court. Accordingly, without prejudice, we deny this portion of Appellees' motion as premature.
MOTION FOR STATUTORY DAMAGES SUSTAINED; CASE REMANDED TO *Page 522 
CHANCERY COURT FOR DETERMINATION OF VALUE OF PROPERTY.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and ANDERSON, JJ., concur.
SULLIVAN, J., not participating.