578 So.2d 271 (1991)
Gene D. HOLLIMAN and Patricia H. Holliman
v.
Clarence N. DALE, Jr., and Charles L. Cherry & Associates, Inc., et al.
No. 07-CA-58867.
Supreme Court of Mississippi.
March 27, 1991.
David B. Gross, Linda Thompson, Jackson, for appellant.
Michael P. Mills, Navarro Mills & Davis, Aberdeen, for appellee.
EN BANC.

ON PETITION FOR REHEARING
ROY NOBLE LEE, Chief Justice, for the Court:
Clarence N. Dale, Jr., et al, appellees, filed a motion for statutory damages arising from an interpleader action in which the trial court entered judgment for them. That court ordered payment of $48,503.33 to the Dales which represented 8/8ths of the proceeds from the mineral production on the land in question after deducting drilling and production cost. This Court allowed 15% statutory damages on the entire judgment, pursuant to § 11-3-23, Miss. Code Ann., 1972, as amended. The petition for rehearing is granted, the former opinion is withdrawn and this opinion is substituted therefor.
The Hollimans executed an oil, gas and mineral lease, which provided for payment of 1/8th royalty interest to them. The lessee oil company, becoming aware that the Dales claimed the land and oil produced therefrom, paid the production amount into the registry of the chancery court and the parties to the suit claimed the following interests:

 Hollimans 1/8th royalty interest; and
 Oil & gas company 7/8ths working interest; or
 Dales 8/8ths unleased mineral interest.

The Dales were successful in their claim to the entire 8/8th interest. The oil company and operator, Charles L. Cherry and Associates, Inc., did not appeal from the judgment entered in the lower court. The Hollimans, being aggrieved at the judgment, appealed from their loss of the 1/8th interest in the judgment. That judgment became final as to the oil company. The Dales could have taken appropriate action to obtain and use the 7/8ths judgment amount, no supersedeas having been obtained.
Although the question before the lower court and this Court necessarily had to decide the question of title, the important issue in the suit was the determination of the parties' interest in the production money paid into the chancery court and their interests in the judgment. This Court has *272 stated § 11-3-23 should not be construed to provide a windfall for an appellee. Lowicki v. Lowicki, 429 So.2d 917 (Miss. 1983).
We are of the opinion, and hold, that the 15% statutory damages be allowed on a 1/8th interest in the interpleaded funds, and not on the entire judgment amount. Therefore the motion for statutory damages is sustained for that interest.
MOTION FOR STATUTORY DAMAGES IN THE AMOUNT OF 15% ON THE 1/8th JUDGMENT AMOUNT IS SUSTAINED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
BANKS and McRAE, JJ., not participating.