# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 93-CA-01237-SCT

*THE ESTATE OF MARGARET MALONE HAYNES,*
*DECEASED; THE ESTATE OF REBECCA QUINN*
*STEELE, DECEASED; THE ESTATE OF PAT YOUNG*
*MALONE, DECEASED; AND JAMES PERRY*
*STEELE, JR.*

*v.*

*BILLY DICK STEELE; KATHRYN H. STEELE AND*
*JEANNE SWINDLE AS REPRESENTATIVE OF THE*
*ESTATE OF ROBERT B. SWINDLE, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/01/93 |
| TRIAL JUDGE: | HON. WOODROW WILSON BRAND, JR. |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | DEWITT T. HICKS, JR. |
| ATTORNEYS FOR APPELLEES: | GRADY F. TOLLISON, JR. |
| | WILLIAM K. DUKE |
| | AMY D. WHITTEN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART, REVERSED AND RENDERED IN PART AND REMANDED - 2/27/97 |
| MOTION FOR REHEARING FILED: | 3/14/97 |
| MANDATE ISSUED: | 8/22/97 |

**BEFORE DAN LEE, C.J., BANKS AND ROBERTS, JJ.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

¶1. Before this Court is the question of whether the fifteen percent statutory penalty is applicable to mineral royalties and accrued royalty monies. The long history of this family dispute had its beginning in the Chancery Court of Clay County, Mississippi, with a Complaint to Confirm Title, Remove Clouds upon Title, Quiet Title and to Cancel Oil, Gas & Mineral Leases, filed October 3, 1986, by Billy Dick Steele, et al. (the Steele Appellees), the Appellees, against Margaret Malone Haynes, et al.

(the Haynes Appellants). Counterclaims followed, and the chancellor received voluminous testimony, documentary evidence, briefs and arguments of all counsel in the course of proceedings. An initial opinion rejecting the Steele Appellees' claims was issued April 11, 1988. The Steele Appellees appealed and on December 16, 1991, this Court affirmed the chancery court judgment, but on motion of the Haynes Appellants remanded the case back to the chancery court for an imposition of the statutory fifteen percent (15%) penalty. Miss. Code Ann. § 11-3-23 (1972). On October 1, 1993, the chancellor issued his Decree Awarding Statutory Penalty, Etc., which decree failed to include the mineral royalty monies paid into the court during the pending litigation upon which the penalty was not applied. The Haynes filed a Notice of Appeal on October 26, 1993, and an Amended Notice of Appeal on November 2, 1993, raising the following issues:

**I. WHETHER THE CHANCELLOR ERRED IN HIS DECREE AWARDING STATUTORY PENALTIES ENTERED OCTOBER 1, 1993, BY FAILING TO IMPOSE THE 15% STATUTORY PENALTY OF MISSISSIPPI CODE ANNOTATED, § 11-3-23 PURSUANT TO THE SUPREME COURT MANDATE OF FEBRUARY 26, 1992, ON THE MINERAL ROYALTY PAYMENTS HELD IN THE REGISTRY OF THE CHANCERY COURT AS OF THAT DATE BY RULING SAID ROYALTIES WERE NOT A PART OF THE PROPERTY, THE SAME AS THE SURFACE ESTATE AND MINERAL ESTATE AND RESERVE,**

**II. WHETHER THE CHANCELLOR ERRED IN HIS DECREE AWARDING STATUTORY PENALTY BY FAILING TO ALLOW FOR, ADJUST, OR ACCOUNT FOR DEPLETION OF THE MINERAL RESERVE SUBSEQUENT TO THE TRIAL COURT JUDGMENT DATE OF APRIL 11, 1988, WHEN ASSESSING THE 15% PENALTY OF SAID RESERVES, and**

**III. WHETHER THE COURT ERRED WHEN IT FAILED TO PERFORM A PURELY MINISTERIAL FUNCTION IN FOLLOWING THE MANDATE OF THE SUPREME COURT BY MAKING A JUDICIAL DETERMINATION THAT THE ROYALTY ISSUE WAS AN IN REM PROCEEDING AND FAILING TO IMPOSE THE 15% STATUTORY PENALTY OF MISSISSIPPI CODE ANNOTATED, § 11-3-23 ON THE MINERAL ROYALTY PAYMENTS.**

¶2. The Court finds that the chancellor erred in assessing the property subject to the statutory penalty by not imposing the statutory penalty on the mineral royalty payments held in the court's registry. Therefore, we affirm in part, reverse and render in part and remand this matter to the lower court for a final accounting consistent with this opinion.

## STATEMENT OF THE CASE

¶3. On October 3, 1986, Billy Dick Steele, Kathryn H. Steele and Robert B. Swindle (the Steele Appellees) filed a complaint in the Chancery Court of Clay County, Mississippi, styled *Steele v. Haynes*, Cause No. 15,294, against Margaret Malone Haynes, Pat Young Malone, James Perry Steele, Rebecca Quinn Steele and numerous other parties having an interest or a claim in the land described in the complaint (the Haynes Appellants). The Steele Appellees were seeking to confirm their title to three tracts of land located in Clay County, Mississippi, to remove clouds upon title, and to quiet title. In addition, the Steele Appellees sought to confirm oil, gas and mineral leases made by them to Southland Royalty Company with respect to some of the subject property and to cancel

competing oil, gas and mineral leases made by the Haynes Appellants to Southland.[1] The Haynes Appellants answered and filed various counterclaims asserting that they had an ownership interest in the land and that they had executed valid mineral leases on such land. The Clay County Chancery Court heard the case on March 10 and 11, 1988, and rendered its judgment on April 11, 1988. The chancery court denied the Steele Appellees' claims, granted the Haynes Appellants' counterclaims and declared the Haynes Appellants' oil, gas and mineral leases valid as against the Steele Appellees. The Steele Appellees appealed the chancery court's judgment.

¶4. While that appeal was pending, Southland filed a separate complaint for interpleader in the Chancery Court of Clay County, Mississippi, styled *Southland Royalty Co. v. Steele*, Cause No. 16, 068. The Steele Appellees and the Haynes Appellants were defendants in this separate interpleader action. Southland alleged that it had been granted competing mineral leases by the Steele Appellees and by the Haynes Appellants on the property that was the subject of the case then on appeal. Southland had drilled a gas well that was producing gas, thereby obligating Southland to pay royalties to the owner of the mineral interests in the land. Because the Steele Appellees and the Haynes Appellants were disputing who owned the mineral interests in the land, Southland requested to interplead the sum of $1,406,604.96 to the chancery court, which sum represented the royalty payments due to date with interest thereon. Southland also requested to begin paying additional sums to the chancery court as they became due. An agreed order was entered by the chancery court in the interpleader action on February 22, 1989, pursuant to which Southland paid $1,406,604.96 into the registry of the chancery court. In addition, Southland was to pay all future royalty payments arising from the mineral interests into the chancery court registry as well. Finally, the order directed the clerk of the chancery court to invest the funds in treasury bills and to keep an accounting of the funds.

¶5. On or about March 21, 1989, the Steele Appellees filed a motion in the interpleader action to employ an accountant and to disburse some of the funds. The Steele Appellees requested that their uncontested fractional share of the funds, less an amount sufficient to provide a supersedeas, be disbursed to them. Pursuant to a second agreed order in the interpleader action, dated April 21, 1989, the chancery court ordered the clerk to pay the Steele Appellees an amount equal to their uncontested interest in the royalty funds paid into the court less twenty-five percent, less an additional $50,000.00, which sums were to be held pending the outcome of the appeal in the other action.

¶6. This Court affirmed the lower court's judgment on November 20, 1991, by *per curiam* opinion. See *Steele v. Steele*, 588 So. 2d 845 (Miss. 1991). On December 16, 1991, this Court rendered a mandate affirming the chancery court's decision in the first action. The Haynes Appellants filed a motion to amend the mandate to specifically include the fifteen percent statutory penalty pursuant to Miss. Code Ann. § 11-3-23. On February 26, 1992, this Court amended its judgment to include the following mandate:

> Case remanded to the Chancery Court of Clay County for Determination of the Fifteen Percent (15%) Penalty Amount.

¶7. On October 20, 1992, the Haynes Appellants filed a pleading in the remanded action before the Clay County Chancery Court in which they argued that the fifteen percent penalty should be applied to: (1) the value of their surface rights in the subject land, which land had a stipulated value of $121,

000; (2) the value of the minerals or mineral reserves in place as of December 16, 1991; and (3) their share of the royalty payments paid into the registry of the chancery court in the separate interpleader action. By order entered October 22, 1992, the chancery court consolidated the two cases, Cause No. 15,294 and Cause No. 16,068. On December 11, 1992, the Steele Appellees filed a response to the Haynes Appellants' pleading, requesting the application of the penalty, arguing primarily that the Haynes Appellants were not entitled to a fifteen percent statutory penalty on the funds held by the chancery court in the interpleader action.

¶8. On October 1, 1993, the Chancery Court of Clay County entered a decree awarding the statutory penalty after a hearing on March 29 and 30, 1993. The chancery court decreed that the fifteen percent statutory penalty would be applied to the value of the surface estate and the mineral reserves as of December 16, 1991, the date of the this Court's mandate. The chancellor further decreed that the penalty would not be applied to the funds held in the registry of the chancery court pursuant to the agreed orders in the separate interpleader action.

¶9. On October 26, 1993, the Estate of Margaret Malone Haynes filed a Notice of Appeal, appealing the chancery court's October 1, 1993, decree. On November 2, 1993, the Estate of Margaret Malone Haynes, the Estate of Pat Young Malone, the Estate of Rebecca Quinn Steele, and James Perry Steele (the Haynes Appellants) filed an Amended Notice of Appeal, appealing the chancery court's October 1, 1993, decree. On April 22, 1994, the chancellor entered a bench opinion in which he explained the rationale for the October 1, 1993 decree.

## STATEMENT OF THE FACTS

¶10. Pursuant to the Agreed Order entered by the chancery court in the interpleader action on February 22, 1989, Southland paid $1,406,604.96 into the registry of the chancery court on or about March 3, 1989. Southland continued to make royalty payments into the chancery court registry pursuant to the agreed orders. As of December 16, 1991, the date of the Supreme Court's mandate, the total amount of money that had been paid into the registry by Southland was $2,375,922.16. The Haynes Appellants had a 43.93 percent ownership interest in these funds. This amount, however, does not reflect the value of those funds as of December 16, 1991, because pursuant to the agreed orders entered in the interpleader action on February 22, 1989, and April 21, 1989, these funds were invested in treasury bills. The chancery court found that the investments in the treasury bills were "prudent, reasonable, desirable investments" and that the decline in the yield on those treasury bills was not foreseeable. The fair market value of the Haynes Appellants' interest in the treasury bills on December 16, 1991, cannot be determined from the record on appeal because its contains no evidence concerning the value of the treasury bills on any given date.

## STANDARD OF REVIEW

¶11. Our review of a chancellor's findings is well settled and very familiar. "'Findings of a Chancellor will not be disturbed or set aside by this Court on appeal unless we are of the opinion the decision made by the trial court was manifestly wrong and not supported by substantial, credible evidence, [citations omitted], or unless an erroneous legal standard was applied.' *Snow Lake Shores Property Owners Corp. v. Smith*, 610 So. 2d 357, 360 (Miss. 1992)." *Pittman v. Pittman*, 652 So. 2d 1105, 1108 (Miss. 1995) (quoting *Jernigan v. Jernigan*, 625 So. 2d 782, 784 (Miss. 1993)). This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the

chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. *Bowers Window and Door Co., Inc. v. Dearman*, 549 So. 2d 1309 (Miss. 1989) (citing *Bullard v. Morris*, 547 So. 2d 789, 791 (Miss. 1989)); *Gibson v. Manuel*, 534 So. 2d 199, 204 (Miss. 1988); *Johnson v. Hinds County*, 524 So. 2d 947, 956 (Miss. 1988); *Bell v. City of Bay St. Louis*, 467 So. 2d 657, 661 (Miss. 1985); *Culbreath v. Johnson*, 427 So. 2d 705, 707-08 (Miss. 1983).

## DISCUSSION OF THE LAW

¶12. Because of the similarity of argument and underlying facts, assignments of error I and III will be discussed together.

**I. WHETHER THE CHANCELLOR ERRED IN HIS DECREE AWARDING STATUTORY PENALTIES ENTERED OCTOBER 1, 1993, BY FAILING TO IMPOSE THE 15% STATUTORY PENALTY OF MISSISSIPPI CODE ANNOTATED, § 11-3-23 PURSUANT TO THE SUPREME COURT MANDATE OF FEBRUARY 26, 1992, ON THE MINERAL ROYALTY PAYMENTS HELD IN THE REGISTRY OF THE CHANCERY COURT AS OF THAT DATE BY RULING SAID ROYALTIES WERE NOT A PART OF THE PROPERTY, THE SAME AS THE SURFACE ESTATE AND MINERAL ESTATE AND RESERVE.**

**III. WHETHER THE COURT ERRED WHEN IT FAILED TO PERFORM A PURELY MINISTERIAL FUNCTION IN FOLLOWING THE MANDATE OF THE SUPREME COURT BY MAKING A JUDICIAL DETERMINATION THAT THE ROYALTY ISSUE WAS AN IN REM PROCEEDING AND FAILING TO IMPOSE THE 15% STATUTORY PENALTY OF MISSISSIPPI CODE ANNOTATED, § 11-3-23 ON THE MINERAL ROYALTY PAYMENTS.**

¶13. The Haynes Appellants argue that the April 11, 1988, judgment, confirming their ownership and possession rights to royalties under certain mineral leases, falls within the provisions of § 11-3-23 as a judgment for a sum of money, a judgment for a possession of real or personal property, or a judgment establishing a claim upon some interest in property. Accordingly, the Haynes Appellants contend that, as successful appellees below, they are entitled to the imposition of the fifteen percent penalty.

¶14. The Steele Appellees counter that § 11-3-23 does not apply. They argue that the chancery court's judgment was not a judgment for a sum of money and that the Haynes Appellants' interest in the funds held in the court's registry was not an interest in land, it was instead an *in rem* judgment which determined the Haynes Appellants' interest in the surface land and in the underlying mineral reserves. In addition, the Steele Appellees allege that imposing the fifteen percent statutory penalty to the funds held in the court's registry would result in awarding the Haynes Appellants an unauthorized and prohibited windfall.

¶15. It is the opinion of the Court that the Steele Appellees' position is incorrect. Mississippi Code Ann. § 11-3-23 provides:

> In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for

damages, at the rate of fifteen percent (15%), as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the **possession of real or personal property**, the damages shall be assessed on the value of the property. If the judgment or decree be for the dissolution of an injunction or other restraining process at law or in chancery, the damages shall be computed on the amount due the appellee which was enjoined or restrained. If the judgment or decree be for the dissolution of an injunction or other restraining process as to certain property, real or personal, or a certain interest in property, or be a judgment or decree for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or **establish a lien or charge or claim upon or some interest in property**, and the only matter complained of on the appeal is the decree as to some particular property or claim on it, the damages shall be computed on the value of the property or the interest in it, if the value of the property or interest in it be less than the judgment or decree against it; but if the value of the property or interest in it be greater than the amount of the judgment or decree against it, the damages shall be upon the amount of the judgment or decree; provided, however, the above penalty shall not be assessed against any condemnee appealing from a special court of eminent domain in any circumstances.

(Emphasis added).

¶16. As noted by the Steele Appellees, the award of statutory damages in cases within the scope of the statute is mandatory, not discretionary. *Johnson v. Black*, 480 So. 2d 519, 521 (Miss. 1985); *Lowicki v. Lowicki*, 429 So. 2d 917, 919 (Miss. 1983). The statute is to be strictly construed against the party invoking it and should not be construed to provide a windfall to the person invoking it. *Holliman v. Dale*, 578 So. 2d 271, 272 (Miss. 1991); *Lowicki*, 429 So. 2d at 917.

¶17. The chancellor properly analyzed some of the issues before him concerning the imposition of the statutory penalty. In his bench opinion of April 22, 1994, the chancellor correctly stated:

> The mandate of the Supreme Court of the appeal of 15,294 was rendered on the 16th day of December, 1991. Pursuant to Motion to Amend, the Supreme Court entered its final mandate on February 26, 1992, in which this Court was directed to make determination for the imposition of a 15 percent statutory penalty. **The imposition of the 15 percent statutory penalty is, therefore, not discretionary with this Court. The Mississippi Supreme Court has determined that the penalty is mandatory; therefore, good faith on behalf of the parties does not relieve this Court of its imposed ministerial function**. To make that determination, it is encumbent [sic] to determine the value of the "thing," as it has been referred to, as of the date of the mandate, being December 16, 1991. The value of the "thing" is comprised of three basic parts: (1) the market value of the surface ownership, (2) the market value of the mineral reserve, and (3) whether or not to be included in the computation the royalty payments interpled and made in Cause No. 16,068. The percentage of ownership of the tenants out of possession is 43.926733 percent. The stipulated and agreed market value of the surface interest is $121,000.00. The imposition of the 15 percent statutory penalty computes to $7,547.17.

(Emphasis added). However, the chancellor incorrectly determined that the funds held in the court's registry were not subject to the statutory penalty, holding:

Considering whether or not the royalty payments interpled are to be included in the computation, a perusal of the jacket files of 16,068 reflect agreed orders on all matters except the matter of summary judgment. For the penalty to be imposed, not only must there be an entitlement, but there must be a denial of access. A further perusal of the orders entered in 15, 294, reflects no money judgments, but in rem judgments. Even though appeal without supersedeas was denied, the parties on April 21, 1989, via an agreed order, selected the clerk of this Court to serve as an accommodation agent to serve as a depository to receive and invest the interpled funds in T-bills. At no time has the clerk then or now acted other than an accommodation agent for all parties, not an agent of either. On the date of the entry of the April 21, 1989, order, the investment of subject funds in T-bills were prudent, reasonable, desirable investments; the decline in yield certainly not being foreseeable, and the decision of the parties in selecting this method of receipt and investment of the funds as a joint and mutual venture was a wise, prudent, professional, and proper decision. Further perusal of the jacket files of 16,068 reflects no request for disbursement of funds that was not granted. Accordingly, the Court is of the opinion that the receipt and investment in T-bills of the interpled funds was a joint accepted decision of the parties of which they are now bound and, therefore, said funds are not subject to the 15 percent penalty.

¶18. As noted earlier, pursuant to Miss. Code. Ann. § 11-3-23, the fifteen percent penalty is applied to certain types of judgments, including judgments for "a sum of money" and judgments for "enforcement or establishment of a lien, charge or claim upon property or some interest in property." *Wallace v. Jones*, 360 So. 2d 932, 933 (Miss. 1978).

¶19. The Haynes Appellants argue that the fifteen percent statutory penalty should have been applied to the funds held in the registry of the chancery court in the separate interpleader action because such funds are "sums of money" and are also an "interest in land."

¶20. The Haynes Appellants contend that the chancellor's judgment satisfied both requirements for the statutory penalty to apply. They argue that the judgment was for a sum of money because it gave them a right to receive a percentage of the royalty payments. They further argue that the judgment established an interest in property because it confirmed their right to the mineral reserves and accordingly, the royalty payments pursuant to their mineral leases with respect to those mineral reserves.

¶21. It is clear from reading the chancellor's Judgment of April 11, 1988, that the chancellor did not expressly order the Steele Appellees to pay any sum of money to the Haynes Appellants. The judgment simply clarified ownership rights to the surface land and underlying mineral reserves. Additionally, although the right to receive royalty payments in the future from underlying mineral deposits is considered an interest in land, *Dougherty v. Greene*, 218 Miss. 250, 67 So. 2d 297 (1953), royalty proceeds, once paid, are personal property and no longer considered an interest in land. *Palmer v. Crews,* 203 Miss. 806, 821, 35 So. 2d 430, 435 (1948) (there is an important distinction between "minerals in place, and the proceeds thereof"); *Merrill Engineering Co. v. Capital Nat'l Bank*, 192 Miss. 378, 393, 5 So. 2d 666, 670 (1942) (once oil or gas is produced, it is no longer an interest in the land because it has been converted to personal property). All royalty payments made into the registry of the chancery court in the interpleader action became personal property once paid and no longer were considered an interest in land.

¶22. However, by adjudicating the Haynes Appellants rightful co-owners in fee simple of the subject property's surface land and underlying mineral reserves, the lower court impliedly, if not in fact, found in the Haynes Appellants the right of possession to their percentage of the mineral royalty proceeds held in the registry of the Clay County Chancery Court. Such an adjudication falls squarely within the requisite of the statute as a judgment for the possession of real or personal property.

¶23. Therefore, the chancellor erred by not including the Haynes Appellants' share of the funds held in the court's registry as funds subject to the statutory fifteen percent penalty.

## II. WHETHER THE CHANCELLOR ERRED IN HIS DECREE AWARDING STATUTORY PENALTY BY FAILING TO ALLOW FOR, ADJUST, OR ACCOUNT FOR DEPLETION OF THE MINERAL RESERVE SUBSEQUENT TO THE TRIAL COURT JUDGMENT DATE OF APRIL 11, 1988, WHEN ASSESSING THE 15% PENALTY OF SAID RESERVES.

¶24. The Haynes Appellants argue that the chancellor erred further in valuing the mineral estate of the subject property. They contend that the chancellor gave no consideration to the fact that the oil and gas produced during the period from April 11, 1988 (the date of the original judgment), to December 16, 1991 (the date of this Court's mandate), greatly reduced the value of the mineral reserves as of the latter date, which the chancellor used in valuing the mineral reserves.

¶25. The Steele Appellees counter, arguing that the Haynes Appellants' argument must fail for three reasons. First, the Haynes Appellants are estopped from raising this argument on appeal because they did not raise it in the court below. Second, judicial precedent clearly indicates that the date of the Supreme Court's judgment or mandate is an appropriate date on which to value the mineral reserves for purposes of applying the statutory penalty. Finally, the Haynes Appellants received their fair share of the royalty payments generated by the mineral production between April 11, 1988, and December 16, 1991. Thus, the Haynes Appellants cannot argue that they have somehow been wronged by the depletion that occurred between these two dates. This assignment of error warrants no relief.

¶26. The Haynes Appellants filed a motion in chancery court in the remanded action requesting the chancery court to apply the fifteen percent penalty in a certain manner. The Haynes Appellants specifically stated, in their section entitled "Specific Relief Sought," that the fifteen percent statutory penalty should include fifteen percent of the value of:

> (c) Movants' parts of the value of the minerals or mineral reserves in place as of December 16, 1991, the date of the subject Supreme Court mandate;

> (d) That the aforesaid values are to be determined as of December 16, 1991, the date of the subject Supreme Court mandate, pursuant to the authority of: Peoples Bank & Trust v. L. & T. Developers, Inc., 437 So.2d 7 (8-17-83), Lowicki v. Lowicki, 429 So.2d 917 (4-6-83), M. T. Reed Construction Co. v. Martin, 63 So.2d 528 (3-16-53), and Johnson v. Black, 480 So.2d 519 (11-13-85).

In addition, an interrogatory response provided by the Haynes Appellants on remand contained the following language:

the date upon which the valuation of the subject properties should be made in connection with the assessment of the 15% statutory penalty is December 16, 1991, the date of the Mississippi Supreme Court's mandate affirming the Lower Court's decision. The basis for the selection of this particular date is supported by the several Mississippi Supreme Court cases indicating the same, said cases being set forth in the [Haynes Appellants'] reply brief.

¶27. This Court has repeatedly held that no new issues may be raised on appeal. *Crowe v. Smith*, 603 So. 2d 301, 305 (Miss. 1992) (appellant is not entitled to raise a new issue on appeal); *Parker v. Game and Fish Comm'n*, 555 So. 2d 725, 730 (Miss. 1989) (trial judge will not be put in error on a matter which has not been presented to him); *Mills v. Nichols*, 467 So. 2d 924, 931 (Miss. 1985) (trial court will not be put in error on appeal for matter not presented to it for decision). Nothing in the designated record on appeal indicates that the Haynes Appellants ever argued below that the appropriate date for valuation was April 11, 1988, rather than December 16, 1991. The record on appeal is also absent of any indication that the Haynes Appellants argued below that the chancery court should account for the depletion between April 11, 1988, and December 16, 1991. Thus, the Haynes Appellants are estopped from arguing on appeal that the chancery court erred by valuing the mineral reserves as of December 16, 1991, because such valuation did not take into account the depletion of the mineral reserves between April 11, 1988, and December 16, 1991.

¶28. Although the Haynes Appellants are procedurally estopped from making such an argument on appeal, it is still without merit for two reasons. The Haynes Appellants properly noted in their pleadings before the chancery court that judicial precedent clearly indicates that the date of the Supreme Court's judgment or mandate is an appropriate date on which to value the mineral reserves for purposes of applying the statutory penalty. In *Lowicki,* a chancery court had entered a final decree granting the wife a divorce and awarding her possession of the home in which she and her husband had lived. *Lowicki,* 429 So. 2d at 918. The husband appealed, and on February 2, 1983, this Court affirmed the chancery court's decree. The wife filed a motion for assessment of the statutory penalty and this Court awarded her damages in the amount of fifteen percent of the fair market value of her husband's interest in the house as of February 2, 1983, the date of the Supreme Court's affirmance. *Id.* at 920.

¶29. In *Peoples Bank & Trust v. L. & T. Developers*, 437 So. 2d 7 (Miss. 1983), this Court determined that the date on which the trial court entered its judgment is not the appropriate date upon which to value property to which the statutory penalty is to be applied. There, this Court, when applying the statutory penalty, had to determine whether to value land as of the date of the decree appealed from or as of the present date. The Court held:

> A persuasive argument could be made that the value should be determined as of the date of the final decree appealed from. . . . The argument is that the appellant should not be allowed to escape the sting of the penalty by the fortuity that the property may depreciate in value during a long drawn out appellate process. The statute is silent on the point. We construe it here to refer to present value (a) because of the impracticability of determining with any accuracy value as of an arbitrary prior date such as [the date upon which the trial court entered judgment], and (b) because more often than not the value of property will, if anything, increase.

*Peoples Bank & Trust,* 437 So. 2d at 12 n.4. *But see Walters v. Inexco Oil Co.*, 440 So. 2d 268

(Miss. 1983).

¶30. Thus, the chancellor was not in error in applying the fifteen percent statutory penalty to the value of the Haynes Appellants' interest in the mineral reserves as of December 16, 1991, as this Court's holding in *Lowicki* clearly establishes that this was an appropriate date for valuation of the mineral reserves which remained in the ground.

¶31. Finally, as the proceeds paid into the chancery court's registry were to be disbursed to both parties according to their respective percentage of ownership, the Haynes Appellants would have received value for their share of any mineral reserves depleted during the period in question. This assignment of error is without merit and warrants no relief.

## CONCLUSION

¶32. The Court finds that the chancellor erred in determining that the fifteen percent statutory penalty did not apply to the funds being held in the registry of the chancery court pursuant to agreed orders in a separate interpleader action. The application of the penalty to these funds is mandated by the statute.

¶33. The Court finds further that the chancellor did not err in valuing the Haynes Appellants' interest in the mineral reserves as of the date of this Court's mandate rather than the date of the trial court's judgment. The Haynes Appellants conceded below that December 16, 1991, was the appropriate date upon which to value the reserves and should not be heard now when they complain about the valuation on such date. Moreover, *Lowicki* establishes that December 16, 1991, was an appropriate date upon which to value the mineral reserves.

¶34. For the foregoing reasons, we affirm the Clay County Chancery Court's October 1, 1993, decree imposing the statutory penalty on the value of the surface estate and the value of the mineral reserves as of December 16, 1991. However, we reverse and render the chancellor's failure to assess the penalty on the value of the mineral royalty payments paid into the court's registry on the record before the Court.

¶35. We leave to the trial court the task of calculating the balance due for penalty in conformity with the opinion of the Court.

¶36. Therefore, we affirm in part, reverse and render in part and remand this matter to the lower court for a final accounting consistent with this opinion.

¶37. **AFFIRMED IN PART, REVERSED AND RENDERED IN PART AND REMANDED TO THE LOWER COURT FOR A FINAL ACCOUNTING CONSISTENT WITH THIS OPINION.**

**SULLIVAN, P.J., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. PRATHER, P.J., AND McRAE, J., NOT PARTICIPATING.**

1. The Haynes Appellants actually executed an oil, gas and mineral lease with a company which then assigned its interest in the lease to Southland.